UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSMONOVA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BIOFILM, INC., et al.,<br><br>Defendants. | Case No. 24-cv-1453-MMA-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE**<br><br>[Doc. No. 27] |

On March 26, 2025, Plaintiff Cosmonova, LLC ("Plaintiff") filed a motion to strike Defendants Biofilm, Inc.'s and Combe, Inc.'s (collectively, "Defendants") answer to its first amended complaint.  Doc. No. 27.  Defendants filed a response in opposition, to which Plaintiff replied.  Doc. Nos. 29–30.  The Court found this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1, and took it under submission on April 21, 2025.  Doc. No. 31.  For the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to strike.

## I. B<sub>ACKGROUND</sub>[1]

Plaintiff, a distributor of health, beauty, and personal care products in Latin America, alleges that it entered into oral agreements with Defendant BioFilm to make Plaintiff the exclusive distributor of its Astroglide personal lubricant in that region. Doc. No. 14 ("FAC") ¶¶ 6, 10, 13–20. Accordingly, Plaintiff took steps to secure regulatory approval, and took other pre-distribution steps, to sell Astroglide in various Latin American Countries. *Id.* ¶¶ 27–36. Despite considerable time, energy, and resources spent preparing for Astroglide distribution, however, Plaintiff alleges that Defendants ordered Plaintiff to cease Astroglide sales in several countries after Defendant Combe acquired Defendant BioFilm—breaching the agreements and causing Plaintiff substantial loss in potential profits, in Plaintiff's telling. *Id.* ¶¶ 35–46.

Plaintiff filed its initial complaint on August 15, 2024, followed by the FAC, the operative complaint, on November 12, 2024. Doc. Nos. 1, 14. Plaintiff alleged five causes of action: (1) Breach of Oral Contract against both Defendants; (2) Tortious Interference with Contract against Combe; (3) Promissory Estoppel against both Defendants; (4) Unjust Enrichment against both Defendants; and (5) Quantum Meruit against both Defendants. FAC ¶¶ 47–91.

Defendants moved to dismiss the FAC on December 9, 2024. Doc. No. 19. After briefing from the parties, the Court issued an order on January 28, 2025, granting in part and denying in part Defendants' motion and dismissing Plaintiff's claims for: (1) breach of oral contract; (2) tortious interference with contract; and (3) quantum meruit. *See generally* Doc. No. 22. Plaintiff's other claims remain. *Id.* After Plaintiff filed a notice that it would not amend its complaint at this time, Defendants filed the answer now subject to Plaintiff's motion to strike. *See* Docs. No. 23, 25.

---

[1] These facts are derived from Plaintiff's first amended complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" upon a party's motion or of its own accord. Fed. R. Civ. P. 12(f). "An 'immaterial' matter has no essential or important relationship to the claim for relief or defenses pleaded. An 'impertinent' allegation is neither necessary nor relevant to the issues involved in the action. A [']scandalous['] pleading is one that improperly casts a derogatory light on someone, most typically on a party to the action." *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (internal citations and quotation marks omitted).

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). However, "[m]otions to strike are 'generally disfavored because they are often used as delaying tactics . . . .'" *Cortina*, 94 F. Supp. 3d at 1182 (quoting *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001)). Therefore, a court "will not exercise its discretion under Rule 12(f)[2] . . . unless the matters . . . have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

"When ruling on a motion to strike, this Court must view the pleading under attack in the light most favorable to the pleader." *Chartwell Staffing Servs. Inc. v. Jaemar, Inc.*, No. 23-CV-01382-AJB-KSC, 2023 WL 7006797 *1 (S.D. Cal. Oct. 24, 2023) (internal citations and quotation marks omitted). "The court may not strike from the pleadings any disputed and substantial factual or legal issue. Any doubt about whether the matter under

---

[2] All "Rule" references are to the Federal Rules of Civil Procedure unless otherwise stated.

1  attack raises a factual or legal issue should be resolved in favor of the non-moving party.
2  *Puccio v. Love*, No. 16-CV-2890 W (BGS), 2018 WL 1449399 *4 (S.D. Cal. Feb. 26,
3  2018) (citing *Whittlestone*, 618 F.3d at 973–75 (9th Cir. 2010)). "Unless it would
4  prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Roe*
5  *v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013); *see Wyshak v. City Nat.*
6  *Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

### III. D<small>ISCUSSION</small>

As a preliminary matter, the parties devote significant space in their briefing to accusations that one another has refused to meet and confer, refused to agree to requests for extension, brought motions in bad faith, behaved "self-serving[ly,]" mischaracterized, and a litany of other complaints. *See* Doc. No. 29 at 2–3, 7; Doc. No. 30 at 4–6. The Court reminds the parties that, as stated in this district's local rules, "[a]lthough adversarial, the experience does not have to, and should not, be antagonistic or hostile. Civility is paramount . . . ." CivLR 2.1.a.1. "As such, the Court expects that all who practice [here] will adhere to [its] Code of Conduct in all their interactions within the courts . . . to nurture, rather than tarnish, the practice of law . . . ." *Id.* "We expect lawyers to treat adverse witnesses, litigants and opposing counsel with courtesy, fairness and respect." *Id.* at 2.1.a.3.b.

Turning to Plaintiff's motion, Plaintiff seeks to strike 22 of Defendants' 25 affirmative defenses. Doc. No. 27 at 5. Its arguments are broken down into assertions that: (1) some defenses "simply reference legal doctrines or state bare legal conclusions, with no facts pled in support," thus failing to provide fair notice as to their nature (factual insufficiency); and (2) some affirmative defenses are not . . . affirmative defenses at all" but instead "merely recite denials of various elements of Plaintiff's claims" (legal insufficiency). *See generally id.*

"An affirmative defense may be stricken if it is factually or legally insufficient." *DC Labs Inc.*, 2013 WL 4026366 at *4. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."

*Wyshak*, 607 F.2d at 827. Unlike Rule 8(a), governing complaints, Rule 8(c) requires only that a party "affirmatively state" any "avoidance" or affirmative defense—not that it "show[] that the pleader is entitled to relief[.]" *Compare* Fed. R. Civ. P. 8(a) *with* Fed. R. Civ. P. (8)(c). Thus, a defendant need only provide a plaintiff with "fair notice" of the affirmative defenses lain before it—harkening back to pleading standards before the Supreme Court's *Twombly* and *Iqbal* decisions. *Roe*, 289 F.R.D. at 608–09; *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12-CV-01454 BEN DHB, 2013 WL 4026366 *4 (S.D. Cal. Aug. 6, 2013) (collecting cases).

Federal law governs what may or may not be pleaded as affirmative defenses. *See Clemco Indus. v. Com. Union Ins. Co.*, 665 F. Supp. 816, 829 (N.D. Cal. 1987), *aff'd*, 848 F.2d 1242 (9th Cir. 1988); *Sayre v. Musicland Grp., a Subsidiary of Am. Can Co.,* 850 F.2d 350, 353–54 (8th Cir. 1988); *Collision Commc'ns, Inc. v. Nokia Sols. & Networks OY*, 716 F. Supp. 3d 1, 5 (D.N.H. 2024); *but see Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 901 (6th Cir. 2002) (collecting cases). However, Courts consider state law persuasive authority as to whether a defense should be pleaded as an affirmative one when sitting in diversity, as state law ultimately governs the substantive issues. *Clemco Indus.*, 665 F. Supp. at 818, 829; 5 C. Wright & A. Miller, Fed. Prac. & Proc. § 1271 (4th ed. 2025) ("[F]ederal courts are not bound to treat a matter that is considered . . . an affirmative defense under forum state law as an affirmative defense for purposes of pleading under Rule 8(c), even in diversity of citizenship cases . . . ."). The Court will address Plaintiff's factual and legal insufficiency arguments in turn.

A.  **Factually insufficient**

Plaintiff seeks to strike Defendants' sixth, twelfth, thirteenth, fourteenth, seventeenth, and twenty-second affirmative defenses "on grounds they fail to provide Plaintiff fair notice of the grounds upon which the defenses rest." Doc. No. 27 at 14–15.[3]

---

[3] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1  Defendants allege that they adequately provide Plaintiff fair notice of each defense's
2  grounds. Doc. No. 29 at 4–6. "The fair notice standard does not require defendants to
3  provide a detailed statement of facts[]" in support of an affirmative defense. *Roe*, 289
4  F.R.D. at 611. However, pleadings must contain at least such detail as to provide notice
5  of the basis for the defense. *Id.* at 612. This burden is not high. "For well-established
6  defenses, merely naming them may be sufficient, but for others, a party may need to
7  allege additional factual matter to provide fair notice." *DC Labs Inc.*, 2013 WL 4026366
8  * at 4. The Court thus turns to the defenses Plaintiff challenges on that basis.

**6. Good Faith** – "Defendants and their agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action." Doc. No. 25 ("Ans.") at 38. As Plaintiff notes, Defendants do not state to which claim this affirmative defense applies. Doc. No. 27 at 15 n.4. While good faith may be an affirmative defense to some claims, it is not clear that is the case here. *J & J Sports Prods., Inc. v. Barwick*, No. 5:12-CV-05284-LHK, 2013 WL 2083123 *4–5 (N.D. Cal. May 14, 2013); *See Pac. Digital Grp. v. Blue Media Mktg.*, No. 3:20-CV-1976-AJB-BGS, 2021 WL 5768124 *5 (S.D. Cal. Feb. 9, 2021); *see Roe*, 289 F.R.D. at 609–10 (discussing good faith defenses in civil rights cases). Given this, and that Defendants provide no factual support for this defense, the Court determines that striking it is proper. *Pac. Digital Grp.*, 2021 WL 5768124 at. *5. Thus, the Court **GRANTS** Plaintiff's motion and **STRIKES** the sixth affirmative defense.

**12. Laches** – "Plaintiff's claims are barred, in whole or in part, by the doctrines of laches." Ans. at 39. Laches, as a general matter, "is an equitable defense that prevents a plaintiff, who with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." *Danjaq LLC v. Sony Corp.* 263 F.3d 942, 950–51 (9th Cir. 2001) (internal quotation marks and citations omitted). Defendants provide no description of

what rights Plaintiff was apparently aware, nor how—even in general terms—it "slept on them." Thus, it is insufficiently pleaded. *See, e.g. McKinney-Drobnis v. Massage Envy Franchising, LLC*, No. 16-CV-06450-MMC, 2017 WL 1246933 *7 (N.D. Cal. Apr. 5, 2017); *cf. Roe*, 289 F.R.D. at 611–12 (striking a negligence affirmative defense because it "fail[ed] to give Plaintiff any indication regarding the conduct supporting the defense."). The Court therefore **GRANTS** Plaintiff's motion and **STRIKES** the twelfth affirmative defense.

**13. Estoppel/Ratification/Waiver/Consent/Assumption of Risk** – "Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, ratification, waiver, consent, and/or assumption of the risk." Ans. at 40. Here, Defendants name a series of potential affirmative defenses while providing no facts in support of any, leaving each insufficiently pleaded. *See, e.g., Vertical Bridge Dev., LLC v. Brawley City Council*, No. 21-CV-02153 AJB AHG, 2022 WL 2318690 *4 (S.D. Cal. June 28, 2022). It is unclear as to whether they even assert this as single doctrine under many names, as several defenses based on the same alleged acts, or something else. Accordingly, the Court **GRANTS** Plaintiff's motion and **STRIKES** the thirteenth affirmative defense.

**14. Unjust Enrichment** – "Plaintiff's claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiff." Ans. at 40. This allegation features the same deficiency as those above—Defendants provide no explanation as to how Plaintiff would be unjustly enriched, or any facts beyond a boilerplate assertion that the doctrine applies. This renders it inadequately pleaded. *See Legacy v. Wells Fargo Bank*, No. 3:16-CV-0462-GPC-BLM, 2016 WL 2622953 *4 (S.D. Cal. May 9, 2016) (collecting cases). Thus, the Court **GRANTS** Plaintiff's motion and **STRIKES** the fourteenth affirmative defense.

  **17. Unclean Hands –** "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands." Ans. at 40. As a general matter, the unclean hands "doctrine bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989). Defendants make no factual allegations as to how Plaintiff engaged in any of those acts or behaviors. The Court therefore **GRANTS** Plaintiff's motion and **STRIKES** the seventeenth affirmative defense.

  **22. Bad Faith** – "Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has acted in bad faith." Ans. at 41. Defendants allege that Plaintiff acted in bad faith but providing no facts to demonstrate when, where, or how. As with the other affirmative defenses struck here, the Court must therefore **GRANT** Plaintiff's motion and **STRIKE** the twenty-second affirmative defense.

**B. Legally insufficient**

  Next, Plaintiff argues that Defendants' first, third through fifth, eighth through eleventh, fifteenth, sixteenth, twentieth, twenty-first, and twenty-third through twenty-fifth affirmative defenses are not, in truth, affirmative defenses. Doc. No. 27 at 10–14. Defendants argue that moving to strike these affirmative defenses is a "waste of the Court's and Defendants' time" and that they pleaded these affirmative defenses "to ensure Plaintiff was on notice of Defendants' position and to preserve Defendants' ability to raise these defenses throughout the case and at trial." Doc. No. 29 at 7.

  An "avoidance or affirmative defense" under Rule 8(c) is an allegation that either "admit[s] the allegations of the complaint but suggest some other reason why there is no right of recovery . . ." or "concern[s] allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer." *Puccio*, 2018 WL 1449399 at *9 (internal citations and quotation marks omitted). Where a stated

affirmative defense is merely "an assertion that Plaintiff has not proved essential elements of [their] claim," it is more properly a factual denial—a negative defense—and is "redundant and unnecessary" when a defendant already denies the relevant facts in its answer. *Roe*, 289 F.R.D. at 610; *McKinney-Drobnis*, 2017 WL 1246933 at *7; *see DC Labs*, 2013 WL 402636 at *4.[4] An affirmative defense may also be legally insufficient where it is based on a theory not recognized by law. The Court thus turns to the individual defenses.

**1. Failure to State Sufficient Facts** – "The [a]mended [c]omplaint, and each and every cause of action therein, fails to set forth facts sufficient to constitute a cause of action upon which relief may be granted . . . ." Ans. at 38. This is not an affirmative defense, but instead duplicative of Defendants' factual denials. *See Puccio*, 2018 WL 1449399 at *9. Further, it duplicates Defendants' motion to dismiss, upon which the Court already ruled. Doc. No. 22. Defendants may argue factual insufficiency at summary judgment or trial. Thus, the Court **GRANTS** Plaintiff's motion and **STRIKES** the first affirmative defense.

**3**. **Failure to State a Claim Upon Which Relief Can Be Granted** – "The [a]mended [c]omplaint, and each and every cause of action therein, fails to state a claim upon which relief may be granted . . . ." Ans. at 38. This affirmative defense is effectively the same as the first, and not proper. *See Pac. Digital Grp.*, 2021 WL 5768124 at *4. Additionally, it is wholly repetitive of Defendants' motion to dismiss, on which the Court previously ruled. *See* Doc. No. 22. Defendants may argue legal

---

[4] California Courts approach the issue similarly. Under state law "[a]n affirmative defense is 'new matter constituting a defense' and is defined as '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.'" *Morris Cerullo World Evangelism v. Newport Harbor Offs. & Marina, LLC*, 283 Cal. Rptr. 3d 164, 169 (Cal. Ct. App. 2021) (quoting Cal. Code Civ. Proc § 431.30(b)(2) and Black's Law Dictionary (11th ed. 2019)).

insufficiency at summary judgment or trial.  Accordingly, the Court **GRANTS** Plaintiff's motion and **STRIKES** the third affirmative defense.

**4. No Damages** – "Plaintiff has suffered no damage by any acts, events, or occurrences alleged in the [a]mended [c]omplaint . . . ." Ans. at 38.  This is not an affirmative defense and attacks only the sufficiency of Plaintiff's claims.  *See DC Labs Inc.*, 2013 WL 4026366 at *8 ("This defense is simply an attack on the causation element . . . and is not a proper affirmative defense."); *Roe*, 289 F.R.D. at 610.  The Court therefore **GRANTS** Plaintiff's motion and **STRIKES** the fourth affirmative defense.

**5. Speculative Damages** – "Plaintiff's claims are barred . . . because any damages . . . are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty." Ans. at 38.  An assertion that damages are speculative is, in effect, an identical argument to one that there are no damages, as it only attacks the pleadings' factual or legal sufficiency.  *See Pac. Digital Grp.*, 2021 WL 5768124 at *4; *McKinney-Drobnis*, 2017 WL 1246933 at *7.  Thus, the Court **GRANTS** Plaintiff's motion and **STRIKES** the fifth affirmative defense.

**8. Improper Claim for Relief** – "Defendants allege that Plaintiff is not entitled to some or all of the relief sought in its [a]mended [c]omplaint." Ans. at 39.  This defense is an alternative recitation as the prior two defenses, and attacks only the complaint's sufficiency.  *See Pac. Digital Grp.*, 2021 WL 5768124 at *5.  Accordingly, the Court **GRANTS** Plaintiff's motion and **STRIKES** the eighth affirmative defense.

**9. Lack of Standing** – "Plaintiff lacks standing to sue because it has not suffered any concrete harm as a result of Defendants' conduct." Ans. at 39.  Like Defendants' "failure to state a claim" defense(s), this attacks complaint's sufficiency and is not an affirmative defense.  *See Pac. Digital Grp.*, 2021 WL 5768124 at *5; *McKinney-Drobnis*,

2017 WL 1246933 at *7.  Thus, the Court **GRANTS** Plaintiff's motion and **STRIKES** the ninth affirmative defense.

**10. Apportionment** – "Plaintiff has failed to meet its burden inasmuch as any alleged liability, which Defendants deny exists, is subject to apportionment of fault, and Defendants are not liable for any fault which may be apportioned or attributed to other persons or entities."  Ans. at 39.  Read in the light most favorable to Defendants, this appears to allege the possibility of other liable parties not named.  Courts often treat such allegations as "akin to an affirmative defense." *Mueller v. Dep't of Pub. Safety*, 570 F. Supp. 3d 904, 911 (D. Haw. 2021).  Arguably, it relies on facts not stated in the complaint and could constitute an affirmative defense, and the thus Court **DENIES** Defendants' motion as to the tenth affirmative defense.

**11. No Cause of Action** – "Plaintiff is not entitled to the relief sought in its [f]ourth [c]laim for [r]elief for '[u]njust [e]nrichment' because unjust enrichment is not a claim upon which relief can be granted under California law."  Ans. at 39.  This defense is identical to Defendants' "failure to state a claim" defenses and duplicative of arguments made in its motion to dismiss, which the Court resolved.  Doc. No. 22 at 16–17.  The Court therefore **GRANTS** Plaintiff's motion and **STRIKES** the eleventh affirmative defense.

**15. Statute of Frauds** – "Plaintiff's claims are barred . . . by the [S]tatute of [F]rauds."  Ans. at 40.  The Statute of Frauds is a traditional affirmative defense in contract breach claims.  *Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 967 (N.D. Cal. 2016).  However, the Court dismissed Plaintiff's contract-based claims, to which this affirmative defense would apply.  Doc. No. 22 at 8–14.  Thus, it is no longer material.  The Court therefore **GRANTS** Plaintiff's motion and **STRIKES** the fifteenth affirmative defense.

**16. No Entitlement to Interest, Attorneys' Fees, or Costs** – "Plaintiff is not entitled to interest, attorney's fees, or costs in connection with this action." Ans. at 40. This is not an affirmative defense as it does not bear on liability. *See DC Labs, Inc.* 2013 WL 4026366 at *6; *Pac. Digital Grp.*, 2021 WL 5768124 at *5; *see also McKinney-Drobnis*, 2017 WL 1246933 at *7. Accordingly, the Court **GRANTS** Plaintiff's motion to strike and **STRIKES** the sixteenth affirmative defense.

**20. Lack of Injury-in-Fact** – "Plaintiff's claims are barred . . . because it has sustained no injury in fact by any act or omission of Defendants." Ans. at 41. This merely asserts that Plaintiff fails to plead an element of its claim and is not an affirmative defense. *See Pac. Digital Grp.*, 2021 WL 5768124 at *5. The Court therefore **GRANTS** Plaintiff's and **STRIKES** the twentieth affirmative defense.

**21. Lack of Causation** – "Plaintiff's claims are barred . . . because of a lack of causation, including, without limitation, because any injuries or damages that may have been suffered were not caused solely or proximately by any act or omission of Defendants." Ans. at 41. This asserts that Plaintiff fails to plead an element of its claim and is not an affirmative defense. *Pac. Digital Grp.*, 2021 WL 5768124 at *5; *Puccio*, 2018 WL 1449399 at *10. Accordingly, the Court **GRANTS** Plaintiff's motion and **STRIKES** the twenty-first affirmative defense.

**23–25. Lack of Clear and Unambiguous Promise; Lack of Detrimental Reliance; and Lack of Reasonable Reliance** – Defendants, through these affirmative defenses, allege, respectively, that: (1) "Plaintiff's [f]ourth [c]laim for promissory estoppel is barred, in whole or in part, because Defendants did not make any promise to Plaintiff and/or there was no clear and unambiguous promise that Plaintiff seeks to enforce"; (2) "Plaintiff's [f]ourth [c]laim for promissory estoppel is barred, in whole or in part, for lack of detrimental reliance"; and (3) "Plaintiff's [f]ourth [c]laim for promissory

estoppel is barred, in whole or in part, for lack of reasonable reliance." Ans. at 41. Each attacks only Plaintiff's pleadings as to an element of promissory estoppel. (*Elkay Int'l Ltd. v. Color Image Apparel, Inc.*, No. CV1408028MMMVBKX, 2015 WL 13917734 *7 (C.D. Cal. Feb. 4, 2015) ("Under California law, the elements of a claim for promissory estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [that reliance is] both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.") (quoting *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864 JSW, 2007 WL 3232276, *6 (N.D. Cal. Nov. 1, 2007) (internal quotation marks omitted)). Thus, it is not an affirmative defense. The Court therefore **GRANTS** Plaintiff's motion to strike and **STRIKES** the twenty-third, twenty-fourth, and twenty-fifth affirmative defenses.

### C. Reservation of Rights

Finally, Plaintiff moves to strike Defendants' "Reservation of Additional Affirmative Defenses," which states that Defendants "preserve and assert all affirmative defenses available under any applicable law." Doc. No. 27 at 14 n.3; Ans. at 42. Numerous courts have stricken similar language as immaterial or duplicative to Federal Rule of Civil Procedure 15, which "already preserves the right to amend pleadings in federal court." *Puccio*, 2018 WL 1449399 a *9; *see J & J Sports Prods., Inc.*, 2013 WL 2083123 at *6; *Legacy*, 2016 WL 2622953 at *5. This Court agrees, **GRANTS** Plaintiff's motion on this basis, and **STRIKES** this section of Defendants' answer.

## IV. Conclusion

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to strike. All material is stricken is **without prejudice, and with leave to amend**. Accordingly, Defendants must file the first amended answer within **seven (7) days of this order**.

**IT IS SO ORDERED**.

Dated: May 28, 2025

HON. MICHAEL M. ANELLO
United States District Judge